UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

---

JAMES BLEDSOE,
an individual,

        Plaintiff,

vs.

NEWPORT PROPERTIES, L.L.C.

        Defendant.

CASE NO.:

Judge:

Magistrate Judge:

---

## COMPLAINT

Plaintiff, JAMES BLEDSOE, by and through his undersigned counsel, hereby files this Complaint and sues NEWPORT PROPERTIES, L.L.C. (hereinafter "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, JAMES BLEDSOE, (hereinafter referred to as "MR. BLEDSOE"), is a resident of Caddo Parish, Louisiana.

4. MR. BLEDSOE is a qualified individual with a disability under the ADA. MR. BLEDSOE is afflicted with T2 paraplegia. MR. BLEDSOE is also missing his left leg at the knee.

5. Due to his disability, MR. BLEDSOE is substantially impaired in several major life

activities and requires a wheelchair for mobility.

6. Upon information and belief, DEFENDANT is a limited liability company organized in the State of Louisiana and doing business in Caddo Parish, Louisiana.

7. Upon information and belief, DEFENDANT is domiciled at 855 Pierremont Road, Shreveport, Louisiana 71106

8. Upon information and belief, DEFENDANT is the owner and operator of the real properties and improvements which is the subject of this action, to wit: Towne Oak Square, 855 Pierremont Road, Shreveport, Louisiana 71106. (hereinafter referred to as "the Property").

9. All events giving rise to this lawsuit occurred in the Western District of Louisiana, Caddo Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

10. MR. BLEDSOE realleges and reavers Paragraphs 1 - 9 as if they were expressly restated herein.

11. The Property is a place of public accommodation, subject to the ADA, generally located at: 855 Pierremont Road, Shreveport, Louisiana 71106.

12. The Property is a shopping center which contains various tenants including Logan Farms Honey Glazed Hams and Baskin Robins Ice Cream.

13. MR. BLEDSOE lives approximately three (3) miles away from the Property.

14. MR. BLEDSOE has been to the Property on numerous occasions to shop and eat ice cream.

15. MR. BLEDSOE has visited the Property numerous times in the past and desires to visit the Property again in the near future.

16. MR. BLEDSOE's last visit to the Property prior to filing this original Complaint was on April 5, 2016.

17. During his visit to the Property on April 5, 2016, MR. BLEDSOE patronized Logan Farms Honey Glazed Hams and Baskin Robins Ice Cream.

18. During his visits to the Property, MR. BLEDSOE has experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 22 of this Complaint.

19. MR. BLEDSOE continues to desire to visit the Property and purchase the goods offered for sale at the Property, but he continues to experience serious difficulty due to the barriers discussed below in Paragraph 22 which still exist.

20. MR. BLEDSOE intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

21. MR. BLEDSOE also intends on traveling to the Property in the near future to see if the barriers to access described in Paragraph 22 still exist or have been modified.

22. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

A. In front of the Oyster Bar, there is a built up curb ramp which protrudes into the access aisle of the accessible-designated parking space.

B. In front of the Oyster Bar, as a result of the lack of wheel stops, car bumpers will protrude into the promenade, reducing the required accessible route to a width of less than 32 inches.

C. Throughout the Property there are excessive thresholds into the entrances of the stores, including Caboose Antiques, Logan Farms Honey Hams, Coffieurs, Cajun's, and Baskin Robin's.

D. There is no accessible route connecting the portion of the facility containing the Oyster Bar with the portion of the facility containing Another Broken Egg Café.

E. In front of World Finance Loans, Sprint, and Baskin Robins, there are curb ramps which are built up into the vehicular parking spaces and/or are excessively steep.

F. Across the Property there are accessible-designated parking spaces which are not marked with vertical signage, are not adjacent to an access aisle, and/or have excessive slopes.

G. Across the Property there are parking spaces which are not adjacent to a curb ramp or curb cut onto the promenade.

H. Inside the Loan Farms Honey Hams restroom, there are door handles which require a tight grasping and squeezing maneuver to operate, lavatory handles which require a tight grasping and squeezing maneuver to operate,

        there is insufficient clear floor space under the lavatory, the operable parts of the water closet are located on the wall side instead of the wide side, and there is not sufficient clear floor space in front of the water closet.

    I.     Other mobility-related ADA barriers to be identified after a complete inspection of the Property.

23. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

24. MR. BLEDSOE demands a full and complete inspection of this Property for all mobility-related ADA barriers.

25. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

26. Upon information and belief, removal of the barriers to access located at the Facility would provide MR. BLEDSOE an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

27. Upon information and belief, in the alternative, if there has been an alternation to the Property since January 26, 1992, then DEFENDANT is required to ensure to the maximum extent feasible, that the altered portion of the Property are readily accessible to and useable by individuals who use wheelchairs, pursuant to 28 C.F.R. § 36.402.

28. Independent of his intent to return as a patron to the Property, MR. BLEDSOE additionally intends to return as an ADA tester to determine whether the barriers to access stated herein

have been remedied.

29. MR. BLEDSOE has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. BLEDSOE is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. BLEDSOE demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. BLEDSOE; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
     GARRET S. DEREUS